IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM B. ELLIOTT,
TOMMY J. EVARO, and
ANDRIA J. HERNANDEZ,

    Plaintiffs,

vs.                                                        Civ. No. 10-385 JP/ACT

SUSANA MARTINEZ,
District Attorney for the
Third Judicial District of New Mexico,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On April 21, 2010, the Plaintiffs filed a Complaint (Doc. No. 1) under 42 U.S.C. §1983 alleging violations of the procedural due process clause of the Fourteenth Amendment of the United States Constitution. Plaintiffs, who are targets before various state grand juries, allege in the Complaint that Defendant denied them effective notice of grand jury presentments in violation of state law, 1978 NMSA §31-6-11(C)(2003). On April 23, 2010, the Court *sua sponte* entered a Memorandum Opinion and Order (Doc. No. 2) which concluded that the Complaint (Doc. No. 1) should be dismissed without prejudice for failure to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6). Then, on April 24, 2010, Plaintiffs filed Plaintiffs' Motion to Alter or Amend Judgment [Doc. 2], (Doc. No. 3) (Motion to Alter or Amend).[1] Having reviewed the Motion to Alter or Amend, the Court concludes that the Motion to Alter or Amend should be granted.

---

[1]When the Court entered the April 23, 2010 Memorandum Opinion and Order (Doc. No. 2) it did not enter a judgment in a separate document as Fed. R. Civ. P. 58(a) requires. Consequently, there is no "judgment" *per se* to alter or amend. Instead, the Court will consider whether it should vacate the April 23, 2010 Memorandum Opinion and Order (Doc. No. 2).

Plaintiffs bring the Motion to Alter or Amend under Fed. R. Civ. P. 59(e). The court can grant a Rule 59(e) motion to alter or amend judgment for one of three reasons: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)(citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). The decision to grant or deny a Rule 59(e) motion is left to the sound discretion of the trial court. *See Minshall v. McGraw Hill Broadcasting Co., Inc.*, 323 F.3d 1273, 1287 (10th Cir. 2003)(citation omitted).

Although the Fourteenth Amendment of the United States Constitution does not guarantee defendants charged with crimes under state laws a due process right to indictment by a grand jury, if a state does provide a grand jury process, then its grand jury notice requirements can create a liberty interest subject to the protections of the Fourteenth Amendment. *See Branzburg v. Hayes*, 408 U.S. 665, 688 n.25 (1972)*; Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). The Court declines to decide, at this time, whether §31-6-11(C) in fact creates a liberty interest.[2] However, the Court determines that Plaintiffs have stated a facially valid Fourteenth Amendment procedural due process claim based on their allegations that Defendant violated §31-6-11(C). Hence, Plaintiffs' Motion to Alter or Amend Judgment should be granted.

---

[2]This is an issue that may be raised by a motion and decided after full briefing.

IT IS ORDERED that:

1. Plaintiffs' Motion to Alter or Amend Judgment [Doc. 2], (Doc. No. 3), is granted; and

2. the April 23, 2010 Memorandum Opinion and Order (Doc. No. 2) is vacated.

_____
SENIOR UNITED STATES DISTRICT JUDGE